IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THOMAS HOSKINS                                                                          PLAINTIFF

V.                                                                     NO. 1:15-CV-00200-DMB-DAS

MICHELLE C. ROGERS AND
ALLSTATE INSURANCE COMPANY                              DEFENDANTS

## ORDER TO SHOW CAUSE

On October 27, 2015, Plaintiff Thomas Hoskins filed a complaint in the Circuit Court of Alcorn County, Mississippi, against Defendants Michelle C. Rogers and Allstate Insurance Company. Doc. #2. On November 23, 2015, Allstate filed a notice of removal in the United States District Court for the Northern District of Mississippi, alleging that "there exists complete diversity of citizenship amongst the parties to this action." Doc. #1 at 2. In its notice of removal, Allstate alleges that Hoskins is a resident citizen of Tennessee, Rogers is a resident citizen of Mississippi, and "Defendant Allstate is a resident citizen corporation of Illinois." *Id*. On January 12, 2016, Hoskins and Allstate filed a joint motion to dismiss the claims against Rogers with prejudice.[1] Doc. #9. The parties thereafter consented to the referral of this action to United States Magistrate Judge David A. Sanders. Doc. #14. On February 26, 2016, Judge Sanders granted the parties joint motion to dismiss Rogers with prejudice. Doc. #15.

"[T]he requirement of subject matter jurisdiction is virtually sacrosanct." *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 568 (5th Cir. 1991). Courts have an "independent

---

[1] In the motion, the parties explain that Hoskins "has previously received a settlement paid on behalf of Michelle C. Rogers and has, prior to the filing of this suit, executed a Full and Final Release of Claims." Doc. #9. at 1. The motion additionally states that "[a] summons was not issued to Michelle C. Rogers" and that "Ms. Rogers has not been served with process in this matter." *Id*.

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Diversity jurisdiction requires (1) complete diversity between the parties, and (2) an amount in controversy in excess of $75,000.[2] 28 U.S.C. § 1332. "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

In cases such as this one, where diversity is dependent upon citizenship, "citizenship must be 'distinctly and affirmatively alleged.'" *Id.* at 1259, citing *McGovern v. Am. Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir. 1975) (emphasis omitted). Complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). With regard to corporations, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[3] 28 U.S.C. § 1332(c)(1). "Failure adequately to

---

[2] Allstate correctly points out that "Plaintiff's Original Complaint expressly seeks a collective judgment in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00)," an amount in controversy that exceeds the jurisdictional minimum requirement. Doc. #1 at 2.

[3] The diversity statute provides specific rules for evaluating an insurance corporation's citizenship "in any direct action against the insurer … to which action the insured is not joined as a party-defendant." 28 U.S.C. § 1332(c)(1). "The purpose of the 'direct action' provision in § 1332(c)(1) was to prevent an injured party from gaining diversity over a non-diverse tortfeasor by directly suing the tortfeasor's out-of-state insurance company instead of the tortfeasor." *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 346977, at *1 n.1 (5th Cir. May 20, 1999), citing *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1188 (5th Cir. 1988). The statute is "not intended to thwart diversity in suits between an insured and the insured's own insurance company." *Id.*, citing *Myers v. State Farm Ins. Co.,* 842 F.2d 705, 707 (3d Cir. 1988). *See also Lane v. Metro. Life Ins. Co.*, No. 1:13-CV-00109-GHD, 2014 WL 585819, at *2-3 (N.D. Miss. Feb. 14, 2014). Here, the complaint alleges that Allstate is Hoskins' insurer, *see* Doc. #2 at 1; so, this statutory section presumably does not apply to this case.

allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Because Allstate is the party seeking to invoke diversity jurisdiction, it bears the burden of establishing that diversity exists. Though Allstate alleges in its notice of removal that it "is a resident citizen corporation of Illinois," the notice of removal contains no specific information about its place of incorporation or its principal place of business. Doc. #1 at 2. Under these circumstances, Allstate has failed to meet its burden of establishing diversity jurisdiction.

Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). While Rogers is a citizen of Mississippi, the state in which Hoskins brought this action, the record indicates that Rogers was not served in this case. In cases "where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)." *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002), citing *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) and *Brown v. Kyle*, No. 3:01-CV-00660-BN (S.D. Miss. March 23, 2002). Because Rogers was not served and because her service would not otherwise destroy diversity jurisdiction, her citizenship does not prevent this case from being removed.[4]

Allstate is hereby ordered to show cause as to why this matter should not be dismissed due to the absence of diversity. Allstate shall have fourteen (14) days from the entry of this order to submit competent evidence identifying its place of incorporation and its principal place

---

[4] *See, e.g., Mills v. Sam's Club, Inc.*, No. 3:06-CV-00517-LN, 2006 WL 3375254, at *1 (S.D. Miss. Nov. 21, 2006); *Reynolds v. Pers. Representative of the Estate of Johnson*, No. 7:15-CV-00101-DAE, 2015 WL 5839408, at *3 (W.D. Tex. Oct. 7, 2015).

of business as of the date of removal and, if diversity jurisdiction can be sufficiently and properly established, a motion for leave to amend the jurisdictional allegations of the notice of removal pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

**SO ORDERED**, this 7th day of April, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE